*100 OPINION.
Murdock.
The Board has consistently held in situations like the one here present, that a return filed pursuant to the Revenue Act of 1918 is not sufficient to start the period of limitation. The first case of this kind was C. A. Lawton Co., 13 B. T. A. 8, where the Board cited John Wanamaker Philadelphia, 8 B. T. A. 864, in which a somewhat similar question had been discussed. The other decisions are Hutchinson Co., 14 B. T. A. 367; Valentine-Clark Co., 14 B. T. A. 562 (reversed), 52 Fed. (2d) 346); Gus Holstine Dry Goods Co., 16 B. T. A. 1124; Isaac Goldmann Co., 17 B. T. A. 1103 (reversed, 51 Fed. (2d) 427); Myles Salt Co., Ltd., 18 B. T. A. 742 (reversed, 49 Fed. (2d) 232); Adams, Cushing & Foster, Inc., 19 B. T. A. 89; G. Corrado Coal & Cole Interests, Inc., 19 B. T. A. 691; and E. J. Lorie et al., 21 B. T. A. 612. Cf. Hill Goldwater, 21 B. T. A. 73, and particularly National Paper Products Company et al., 26 B. T. A. 92. The Board’s reasons for its position are fully set forth in the above opinions and need not be repeated here. Those decisions are supported by Updike v. United States, 8 Fed. (2d) 913. With all due respect to the Courts of Appeal which have reversed the Board, we adhere to our original position, because we still feel that it is the correct one.
The Commissioner would support his determination in these cases on another ground. The A. S. Hopkins Company was affiliated with the other companies from November 1, 1920, until the end of the fiscal period April 30, 1921. The Commissioner contends that its income was never properly reported for this period, since its income for November and December, 1920, was reported in a separate return, and its income from January 1, 1921 to April 30, 1921, was included in that of Zellerbach Paper Company without even disclosing that it was so included and without setting forth separately its income and deductions from those of the Zellerbach Paper Company. He cites Commissioner v. Colmer-Green Lumber Co., 49 Fed. (2d) 234, in support of his contention that the statute has not barred him from proceeding further against the Zellerbach Paper Company as a taxpayer and also as a transferee of the assets of A. S. Hopkins Company. The case cited may not be distinguishable from the present case in this connection, but the Board has consistently held that no such segregation in the return is necessary to start the running of the period of limitations. Its first decision to this effect has been affirmed by the Circuit Court of Appeals for the Third Circuit. *101 Stetson & Ellison, 11 B. T. A. 397; aff'd, 43 Fed. (2d) 553. See also Peerless Iron Pipe Exchange, Inc., 23 B. T. A. 900.
Reviewed by the Board.

Judgment will he entered v/nder Rule 50.